```
RICHARD L. RUTKOWSKI,          UNITED STATES DISTRICT COURT
et al.,                        SOUTHERN DISTRICT OF FLORIDA

        Plaintiffs,            Case No.:95-10029-CIV-ROETTGER

v.
                               ORDER
EDWARD A. BETTS, et al.,

        Defendants.       /
```

**THIS CAUSE** is before the Court on defendants' motion to transfer venue (DE 8), motion to dismiss complaint for lack of in personam jurisdiction and failure to state a claim (DE 7), and plaintiff's motion to enlarge time to complete discovery and amend pleadings. The Court heard argument on the motions to transfer and dismiss on March 13, 1996. Upon consideration of the motions and the record in this cause, it is

**ORDERED AND ADJUDGED** as follows:

1.    The motion to transfer venue (DE 8) pursuant to 28 U.S.C. § 1404 is **DENIED**.

2.    The motion to dismiss this cause pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (DE 7) is **DENIED**. Defendant has failed to sustain the difficult, but essential, burden of demonstrating that "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Friedlander v. Nims, 755 F.2d 810, 813 (11th Cir. 1985).

3. Plaintiff's motion for enlargement of time to complete discovery and amend pleadings (DE 47) is **GRANTED** to the following extent: The scheduling order is hereby amended to reflect that the discovery deadline is ninety (90) days following the date of defendant's answer and that amended pleadings must be filed sixty (60) days following the date of defendant's answer. The parties are expected to conduct discovery and resolve discovery disputes in a professional manner.

4. The motion to dismiss the complaint for lack of in personam jurisdiction (DE 7) is **GRANTED** with respect to individual defendant Edward A. Betts, and **DENIED** with respect to corporate defendant American Nitrox Divers, Inc. Defendant Betts is hereby **DISMISSED** from this action.

The standard for determining this motion is well established in this Circuit:

> When a district court does not conduct a discretionary evidentiary hearing on a motion to dismiss for lack of jurisdiction, the plaintiff must establish a prima facie case of personal jurisdiction over a nonresident defendant. A prima facie case is established if the plaintiff presents enough evidence to withstand a motion for directed verdict. The district court must accept the facts alleged in the complaint as true, *to the extent they are uncontroverted by defendant's affidavits.* Finally, where the plaintiff's complaint and the defendant's affidavits conflict, the district court must construe all reasonable inferences in favor of the plaintiff.

Madara v. Hall, 916 F.2d 1510, 1514 (11th Cir. 1990)(citations omitted) (emphasis added). Therefore, the plaintiff bears the initial burden of pleading a prima facie case of in personam jurisdiction over a nonresident defendant. The burden then shifts

to the defendant to refute the allegations of jurisdiction. If the defendant succeeds, the burden shifts back to the plaintiff to support the jurisdictional allegations. <u>Milligan Electric Co. v. Hudson Construction Co.</u>, 886 F.Supp. 845, 849 (N.D. Fla. 1995).

The Court must undertake a two-step analysis and determine whether the exercise of personal jurisdiction over these defendants is appropriate under the Florida Long-Arm Statute and whether it would offend the Due Process Clause of the United States Constitution.

**FLORIDA LONG-ARM STATUTE:**

Florida Statute Section 48.193(1)(b) grants a court jurisdiction over a nonresident who commits a tortious act within the state. Section 48.193(2) provides in pertinent part that "[a] defendant who is engaged in substantial and not isolated activity within this state . . . is subject to the jurisdiction of the courts of this state . . . ."

1. Defendant ANDI

Plaintiff alleges that defendant Betts, apparently acting as a promoter for defendant ANDI, contacted plaintiff in Key Largo, Florida, and made certain allegedly fraudulent representations to him. The representations allegedly were the basis of the agreement between the parties to form a business venture. As it is undisputed that Betts contacted and met with plaintiff Rutkowski in the state of Florida to propose the business deal that spawned this action, Florida law provides for jurisdiction over ANDI pursuant to section 48.193(1)(b).

An alternate basis for the exercise of personal

jurisdiction over defendant ANDI is section 48.193(2). Plaintiff alleges that defendant ANDI maintained two training facilities in Branford and Ocala, Florida, and conducted training activities in other Florida cities. Moreover, an ANDI brochure lists a Florida address and telephone number, those of plaintiff Rutkowski, for potential consumers to seek further information about ANDI's products. Affidavit of Richard Rutkowski, Exhibit F. Defendant has attempted to refute these facts, submitting the "supplemental affidavit" of Edward Betts on March 20, 1996. In the affidavit, Betts denies plaintiff Rutkowski's allegations that ANDI regularly engaged in business in the Southern District of Florida.[1] Defendant does not dispute the authenticity of the documents submitted by plaintiff that show ANDI's explicit use of Rutkowski's Florida address for business purposes.[2] This Court is required under <u>Madara</u> to draw all reasonable inferences in favor of plaintiff where the facts are disputed. Based on the record before the Court, it is apparent that ANDI's activities within the state of Florida amounted to substantial and not isolated activity, and that the exercise of jurisdiction over ANDI is proper under 48.193(2).

2.  Individual Defendant Betts

The Complaint does not allege that Betts was at any relevant time acting on his own account and not on behalf of

---

[1] It is perhaps notable that defendant does not specifically deny that ANDI regularly engaged in business elsewhere in the state of Florida.

[2] The supplemental affidavit does not address Exhibit D to plaintiff's affidavit, which indicates that ANDI held training programs in two Florida cities.

defendant ANDI. "While the corporation itself may be properly amenable to service when it transacts business through agents operating in the forum state, unless the agents transact business on their own account and not on behalf of the corporation, the agents are not engaged in business so as to sustain an application of the long-arm statute as to them as individuals." Bloom v. A.H. Pond Co., 519 F.Supp. 1162, 1170 (S.D. Fla. 1981). As it is nowhere alleged that Betts was engaged in a business venture on his own behalf, as opposed to on behalf of defendant ANDI, the Court concludes that it has no jurisdiction over defendant Betts.

**DUE PROCESS ANALYSIS**

Having determined that the Florida long-arm statute permits this Court to exercise personal jurisdiction over the defendant ANDI, the question becomes whether it may do so constitutionally.

To be subject to a court's jurisdiction, a defendant must have purposefully established sufficient minimum contacts with the forum such that the defendants "should reasonably anticipate being haled into court there." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980). The requirement that a defendant must have purposefully availed himself of the privilege of conducting activity within the forum state ensures that a defendant will not be haled into a forum court as a result of random, attenuated contacts or the unilateral activity of a third person. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985).

A review of the record indicates that the constitutional requirement of minimum contacts with the state of Florida is

satisfied with respect to defendant ANDI. Most importantly, ANDI availed itself of the privilege of doing business in this state by supplying potential customers with a Florida telephone number and address to contact for information about ANDI products.

**DONE AND ORDERED** this 19 day of May, 1997.

_____
NORMAN C. ROETTGER
**CHIEF UNITED STATES DISTRICT COURT JUDGE**

cc: counsel of record