UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 95-10029-CIV-ROETTGER

RICHARD L. RUTKOWSKI and
HYPERBARICS INTERNATIONAL, INC.

                Plaintiffs,

vs.

EDWARD A. BETTS and AMERICAN
NITROX DIVERS, INC.,

                Defendants.
_____/



### PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S, EDWARD A. BETTS, MOTION TO TAX ATTORNEYS' FEES AND COSTS

Plaintiffs Richard L. Rutkowski ("Rutkowski") and Hyperbarics International, Inc. ("Hyperbarics"), through undersigned counsel, file their Memorandum of Law in Opposition to Defendant's, EDWARD A. BETTS ("Betts"), Motion to Tax Attorneys' Fees and Costs, and state as follows.

### BACKGROUND

Pursuant to Section 768.79(6)(a), Florida Statutes, and S.D. Fla. L.R. 7.1, Betts filed a motion to tax fees and costs against plaintiffs. A review of significant dates and events related to the action is necessary to evaluate the motion.

Plaintiffs filed suit on May 3, 1995. Both defendants (Betts and ANDI) filed motions to dismiss and transfer venue in June, 1995. At or about that time, defendants initiated voluminous discovery requests upon plaintiffs. In July of 1995, plaintiffs timely responded to

all discovery and filed their opposition to defendants' motions. Plaintiffs prepared and submitted a joint proposed scheduling order after review by defendants. Plaintiffs propounded discovery upon defendants in July of 1995, consisting of interrogatories, expert witness interrogatories, and a request for production. **Defendants' responses to discovery were due in August of 1995. Defendants did not respond to any discovery requests until February, 1996. The defendants filed a joint offer of judgment October 4, 1995, which was the only paper filed by defendants between July, 1995 and February, 1996**. Plaintiffs moved to compel discovery responses on December 14, 1995. The motion was ruled upon in February of 1996, by order granting the motion to compel and sanctioning defendants' conduct with an award of fees to plaintiffs. Defendants then filed responses to discovery, which were ultimately **more than six months overdue**.

A hearing on pending motions to dismiss and transfer venue occurred March 15, 1996. Little activity of substance occurred in the file for approximately fifteen months, until the motions were ruled upon in May, 1997. By Order dated May 21, 1997, Betts was dismissed for lack of personal jurisdiction. However, the action continues against the remaining defendant, ANDI. Betts now seeks to recover from plaintiffs an award of attorneys' fees and costs pursuant to Florida law with regard to the Court's involuntary dismissal of Betts for lack of personal jurisdiction.

## MEMORANDUM

I. <u>The motion does not satisfy the requirements of S.D. Fla. L.R. 7.3</u>.

Local Rule 7.3 applies to any motion for attorneys' fees and/or to tax costs in the Southern District. It requires that "counsel filing the motion shall confer with counsel for the opposing party and shall file with the Court, within three (3) days of the motion, a statement certifying that counsel has conferred with counsel for the opposing party in a good faith effort to resolve by agreement the motion, the results thereof and whether a hearing is requested." Defendant's counsel did not confer with plaintiff's counsel after submitting the motions and no certification is of record. For this reason, Betts' motion should be denied.

II. <u>The defendant has no right to an award under Florida Law</u>.

The case at bar involves federal diversity and patent infringement claims. In patent infringement claims, the Court may award attorneys' fees in exceptional cases. 35 USCS § 285. In a diversity action, the court looks to the substantive law which creates the cause of action to determine attorneys' fees. <u>Tanker Management v. Brunson</u>, 918 F.2d 1524, 1527 (11th Cir. 1990). § 768.79, Florida Statutes entitles the offeror to an award of fees and costs if statutory requirements are satisfied. The version of § 768.79 in effect at the time the cause of action accrues is the version that should be applied with regard to fee award determinations. <u>Johnson v. Fye</u>, 654 So. 2d 1233, 1234 (Fla. 1st DCA 1995) (citing <u>Buchanan v. Allstate Ins. Co.</u>, 629 So.2d 991, 992 (Fla. 1st DCA 1993) in reliance on <u>Metropolitan Dade County v. Jones Boatyard, Inc.</u>, 611 So. 2d 512 (Fla. 1993). The pre-1990 version of § 768.79 applies to causes of action which accrued prior to October, 1990. <u>Marcus v. Miller</u>, 663 So. 2d 1340, 1342 (Fla. 4th DCA 1995). Prior to 1990, a judgment had to be entered in favor of the plaintiff for

recovery of attorneys' fees by a defendant. Id. In Marcus, the 4th DCA reversed the lower court's award of attorney's fees because there had been no judgment for the plaintiff. The facts of Marcus involved a voluntary dismissal, but the court's rationale was that since there had been no judgment for plaintiff based on the merits, no fee award should be sustained under § 768.79. In interpreting the pre-1990 statute, the 11th Circuit clearly stated that "§ 768.79 does not permit the court to award a prevailing defendant attorney's fees." Tanker Management v. Brunson, 918 F.2d 1524, 1527. In the case at bar, the pre-1990 version of § 768.79, Fla. Stat. must be applied. As indicated in the complaint, ¶11, 16-17, etc., Betts' activities with plaintiffs in Florida occurred in 1989. The Court has not entered judgment for plaintiffs herein. Therefore, Betts is not entitled to an award of attorneys' fees and costs pursuant to Florida Law.

The entitlement to fees afforded by the legislature in § 768.79 is substantive in nature, as discussed in Schmidt v. Fortner, 629 So.2d 1036, 1039-1041 (Fla. 4th DCA 1993), and relied upon by defendant in his motion to tax fees and costs. Schmidt involved interpretation of the 1990 statute, but can be analogized to the pre-1990 statute which was also substantive in nature. In October, 1995, defendant Betts filed a one-page joint offer based on § 768.79, Florida Statutes, and was ultimately dismissed for lack of personal jurisdiction. It would be grossly unjust for him now to use this Florida law as protection, when his objection to personal jurisdiction could have been waived for a determination of his liability based on the merits.

III.   The motion mischaracterizes the offer made by defendants.

A.   § 768.79(2)(b) and (d) require that the offer of judgment name the party

<u>making the offer</u> and <u>state its total amount</u>. A joint offer was made by defendants Betts and ANDI. The offer of judgment stated as follows:

> **Defendants, Edward A. Betts and American Nitrox Divers, Inc.,** by and through their undersigned attorneys, and pursuant to § 768.79, Florida Statutes, hereby offers (sic.) judgment in favor of plaintiffs, Richard L. Rutkowski and Hyperbarics International, Inc., for <u>all</u> pending claims presented to this action, **in the amount of Two Thousand Five Hundred and 00/100 ($2,500.00) Dollars**, which sum includes taxable costs and attorney's fees.

Despite the unequivocal language of the joint offer made by both defendants, counsel for Betts has blatantly mischaracterized the offer of judgment by stating that "Betts served a **good faith** offer of Judgment on Plaintiffs in the amount of One Thousand Two Hundred Fifty ($1,250.00) Dollars for the settlement of all claims being asserted against him." <u>Defendant's Motion to Tax Fees</u>, ¶ 3. Counsel for Betts then footnotes this allegation with further mischaracterizations, noting "[o]n that same date (October 4, 1995) Defendant ANDI also served an offer of judgment on Plaintiffs in the amount of $1,250 for the settlement of all claims being presented against it," and "The Court's ruling of May 18, 1997 did not dismiss ANDI as a party defendant from this cause for lack of in personam jurisdiction and the action remains pending against this particular defendant." The strained interpretation of the offer of judgment as posited by counsel for Betts is absolutely unsupported by the terms of the offer and of the record as a whole.

  B. <u>Since the offer was made jointly, this court cannot consider the issue of fees until the case is final as to the joint offeror.</u> In the present case, the offer was clearly made by both defendants Betts and ANDI. Despite the Court's dismissal as to Betts for lack of personal jurisdiction, the claims as to ANDI have not been resolved. In the absence of the resolution of the ANDI claims, the validity of the joint offer of judgment cannot now be determined. Betts

argues that the statute entitles him to timely resolution, but the statute requires only that the motion be filed within thirty (30) days. Clearly, to determine the validity of fees based on joint offers, when one party remains in the case, is contrary to justice. A defendant dismissed early from a case would be enriched, while remaining defendants would ride the coat-tails of others. Taken to the extreme, the remaining defendant would retain the possibility of filing a similar motion based on the **same** offer of judgment.

IV.   The offer of judgment was not made in good faith.

§ 768.79 (7)(a), Fla. Stat. requires that the offer of judgment be made in good faith. The obligation of good faith requires that the offeror have a reasonable foundation on which to base the offer. Eagleman v. Eagleman, 673 So. 2d 946 (Fla. 4th DCA 1996). If the statutory prerequisites have been met under § 768.79, the Court may disallow the award of attorneys' fees when the offer is not made in good faith. Id. In July, 1995, plaintiffs attempted to elicit information from defendants through various discovery tools relative to defenses and potential counterclaims which defendants might utilize in the case. In October, the joint offer was filed. At that time, defendants' responses to requests for production, answers to interrogatories, and answers to expert witness interrogatories from defendants Betts and ANDI were already two months overdue. Plaintiffs were not in a position to evaluate the offer of judgment due to defendants' failure to respond to discovery. The offer was not made in good faith because Betts was aware of plaintiffs' inability to evaluate the offer in the absence of such information. Defendant's alleged "good faith" offer, in the context of defendants' willful failure to furnish

information to plaintiffs and to permit them to fully evaluate the offer, could not have been made in good faith.

V. Even if the Court determines that the offer was valid, the amount of fees and costs sought by Betts is unreasonable.

§ 768.79, Florida Statutes, provides factors to be considered in determining the reasonableness of the fee. The statutory guidelines are not exclusive, but must be considered with other relevant criteria. Collins v. Wilkins, 664 So.2d 14, 15 (Fla. 4th DCA 1995). The factors in determining a reasonable fee, found in the Rules of Professional Conduct, may be applied to determine reasonable fees under § 768.79. Id. Among the factors noted by the statute in its current form are (1) the then apparent merit or lack of merit in the claim that was subject to the offer; (2) the number and nature of offer(s) made by the parties; and (4) whether the offeror had unreasonably refused to furnish information necessary to evaluate the reasonableness of the offer.

Defendant has failed to meet the requirements of Florida law with regard to determination of reasonable fees. Accurate assessments of reasonable attorneys' fees require records detailing the amount of work performed. Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145 (Fla. 1985). Inadequate documentation may result in the court's award of a lesser amount of fees if the court finds the hours sought to be excessive or unnecessary. Id. at 1150. Counsel for defendant Betts states that the services rendered and costs incurred have been rendered on behalf of both clients, and that all billable time is therefore attributable to Betts. Affidavit of

<u>Gordon A. Dieterle in Support of Motion to Tax Fees and Costs</u>, ¶ 7. There are no itemized statements attached to the affidavit as to the amount of attorneys' time expended on behalf of Betts. There is nothing to indicate time specific to Betts that would not have been necessary to the defense of ANDI. Defendant has failed to indicate fees associated with discovery responses that were past due at the time the offer was made which relate back to dates prior, the various orders compelling defendant's discovery responses, orders denying defendant's protective orders with sanctions, etc. Defendant Betts has failed to provide a reasonable basis for the Court to determine a fee award as to Betts. In fact, defendant has made such an award impossible by virtue of his own counsel's sworn statement that the work is inseparable as to one defendant.

Attached to defendant's motion is the retainer agreement which personally obligates Betts for the fees and costs incurred by both Betts and ANDI. As the legal services apart from the motion to dismiss based on personal jurisdiction grounds were rendered on behalf of both defendants and were necessary for the proper representation of ANDI, Betts should not be permitted to recoup these expenses as he was personally bound for the legal fees of ANDI anyway. The court record in this cause is devoid of motions, research, affidavits, or other discovery devoted solely to Betts. Betts is not entitled to any award of fees.

The party seeking the fees bears the burden of proving them reasonable and of establishing a "market rate." <u>Rowe</u> at 1150. The market rate is determined as that rate charged by lawyers in the same community of reasonably comparable skill, experience and reputation. <u>Id.</u> Defendant has not submitted an affidavit attesting to the reasonableness of the fees sought. Nor has defendant provided the Court with a method of calculating "market rate."

## CONCLUSION

For the reasons expressed in the foregoing Memorandum of Law, plaintiffs respectfully request that this Court deny Defendant's, Edward A. Betts, Motion to Tax Attorneys' Fees and Costs. The motion does not satisfy the requirements of S.D. Fla. L.R. 7.3. The defendant has no right to an award of fees and costs under Florida law. The motion was not filed in good faith, and a determination of fees at this juncture is premature. The amount of fees and costs associated with the motion are unreasonable and not supported by the record or rationale. Plaintiffs respectfully request that the Court deny the motion in its entirety and grant to plaintiffs such further relief it may see fit.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via U.S. Mail to: **Fred W. Mattlin, Esquire,** Mattlin & McClosky, attorney for Defendants, 2300 Glades Road, Suite 400 East Tower, Boca Raton, Florida 33431, this 20th day of June, 1997.

MITCHELL T. McRAE, P.A.
Attorney for Plaintiffs
One Boca Place, Suite 405 East
2255 Glades Road
Boca Raton, FL 33431
(407) 241-6600

By:_____
Mitchell T. McRae, Esquire
Florida Bar Number: 441759
