UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 95-10029-CIV-ROETTGER

RICHARD L. RUTKOWSKI and        )
HYPERBARICS INTERNATIONAL,      )
INC.,                           )
                                )
          Plaintiffs,           )
                                )
vs.                             )
                                )
EDWARD A. BETTS and AMERICAN    )
NITROX DIVERS, INC.,            )
                                )
          Defendants.           )
_____)

### EDWARD A. BETTS' MEMORANDUM OF LAW IN RESPONSE TO PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO EDWARD A. BETTS' MOTION TO TAX ATTORNEYS' FEES AND COSTS

Defendant, Edward A. Betts ("Betts"), by and through his undersigned counsel, and pursuant to  S.D. Fla. L.R. 7.1 C, hereby files his memorandum of law in response to plaintiffs' memorandum of law in opposition to Betts' motion to tax attorneys' fees and costs and would state as follows:

#### INTRODUCTION

On May 18, 1997, this Court dismissed Betts as a party defendant from this cause based on lack of in personam jurisdiction.  On June 16, 1997, Betts timely filed his motion to tax attorneys' fees and costs pursuant to §768.79, Florida Statutes, which motion is supported by the affidavit of undersigned counsel. On June 30, 1997, plaintiffs, Richard L. Rutkowski and Hyperbarics International, Inc. (collectively "plaintiffs"), filed their memorandum of law in opposition to Betts' motion to tax attorneys' fees and costs ("Memorandum in Opposition").

**I - BETTS' MOTION TO TAX ATTORNEYS' FEES AND COSTS SATISFIES THE REQUIREMENTS OF S.D. FLA. L.R. 7.3.**

Plaintiffs assert in section I of the Memorandum in Opposition that Betts' motion to award attorneys' fees and costs is deficient as there has been no certification that undersigned counsel conferred with plaintiffs' counsel in a good faith effort to resolve by agreement the motion (to tax attorneys' fees and costs), the results of such conference and whether a hearing is requested. Plaintiffs' Memorandum in Opposition, Page 2.

Prior to the filing of the motion, undersigned counsel made a good faith effort to resolve the issue surrounding the award of attorneys' fees and costs being sought by Betts. More specifically, undersigned counsel faxed a letter to plaintiffs' counsel on June 4, 1996 inquiring as to the entering into of a possible stipulation of reasonable fees and costs to be awarded Betts in lieu of filing the motion and holding an evidentiary hearing regarding entitlement. A copy of the June 4, 1997 letter to plaintiffs' counsel is attached hereto for reference as Exhibit "A".

After receiving absolutely no response to the June 4, 1997 letter, undersigned counsel made a follow-up phone call to plaintiffs' counsel in order to ascertain whether he was agreeable to entering into a stipulation for an award of reasonable fees and costs to Betts. Regrettably, plaintiffs' counsel was not agreeable to resolving the issue of an award of fees and costs to Betts, but actually insisted that the litigation proceed against American

Nitrox Divers, Inc. ("ANDI"), the remaining defendant in the case. Plaintiffs' counsel refusal to stipulate to an award of any fees and costs necessitated the filing of Betts' motion to tax fees and costs.

Subsequent to the filing of the motion to tax fees and costs and up through the filing of plaintiffs' Memorandum in Opposition, undersigned counsel did not make any further good faith efforts to resolve the motion through a possible stipulation of fees and costs based on the adamant rejection he previously received from plaintiffs' counsel. However, Betts' counsel can represent that since the filing of plaintiffs' Memorandum in Opposition he has subsequently contacted plaintiffs' counsel in order to resolve by agreement the motion to tax fees and costs. Undersigned counsel is authorized to represent that plaintiffs' counsel again rejected the renewed offer to stipulate as to fees and costs to be awarded Betts. A certification is being filed contemporaneously with Betts' memorandum of law in response.

Lastly, plaintiffs have cited no legal authority or local rule that supports their proposition that the failure to file the certification required under S.D. Fla. L.R. 7.3 precludes the Court from entertaining the motion to tax attorneys' fees and costs. Alternatively, any alleged deficiency in Betts' motion to tax attorneys' fees and costs has since been cured as a result of the filing of the certification.

## II - BETTS HAS AN IMMEDIATE RIGHT TO AN AWARD OF ATTORNEYS' FEES AND COSTS UNDER §768.79, FLORIDA STATUTES.

In section II of their Memorandum in Opposition, plaintiffs assert, <u>inter alia</u>, that the version of §768.79, <u>Florida Statutes</u> in effect at the time the cause of action accrued is the version that should be applied with regard to fee award determination. In furtherance of their argument, plaintiffs maintain that the pre-1990 version of the offer of judgment statute, which required that a judgment must be entered in favor of a plaintiff in order to recover fees, applies here because Betts' alleged activities with plaintiffs occurred in 1989. Plaintiffs' Memorandum in Opposition, Pages 2-3.

Plaintiffs cite to <u>Marcus v. Miller</u>, 663 So.2d 1340 (Fla. 4th DCA 1995), in further support of their position that the pre-1990 version of the offer of judgment statute applies here to preclude any award of fees and costs to Betts as judgment was not entered in favor of plaintiffs. <u>Marcus</u> holds for the proposition that the pre-1990 version of §768.79 applies to causes of action that accrued prior to October 1, 1990, the date the amended version of the statute took effect.

Plaintiffs' over-reliance on the <u>Marcus</u> opinion is misplaced and can easily be distinguished from the facts of the instant case by just looking at plaintiffs' complaint, a copy of which is attached hereto for reference as Exhibit "B". A simple reading of the general allegations and claims reveals that the purported causes of action being brought by plaintiffs accrued not

- 4 -

in 1989, but long after October 1, 1990. For example, at paragraph 10 of the complaint, plaintiffs allege that the exclusive patent license that is the subject of the claims at counts IV and V for infringement of patent and unfair competition was granted on November 16, 1992, more than two (2) years after the amended version of §768.79 took effect.

Additionally, at paragraph 13 of the complaint, plaintiffs further allege that in 1992 Betts and ANDI published a manual called The Application of Enriched Air Mixtures: The Complete SafeAir Users Guide was purportedly plagiarized and copied from Richard L. Rutkowski's manual. The alleged plagiarism of the manual is the subject of plaintiffs' action at count I for fraud. Again, the action clearly accrued after the amended version of the offer of judgment statute went into effect and plaintiffs are bound by their pleading.

Alternatively, there are absolutely no facts or pertinent dates alleged in support of the causes of action at counts II and III for breach of fiduciary duty and breach of oral agreement that would even remotely suggest that these claims accrued prior to the amended version of the offer of judgment statute taking effect.

The amended offer of judgment statute states that after the entry of judgment or after voluntary or <u>involuntary</u> <u>dismissal</u>, the Court <u>shall</u> determine reasonable fees and costs to be awarded to a defendant (emphasis supplied). On May 18, 1997, this Court involuntarily dismissed the entire action as it relates to Betts for lack of <u>in personam jurisdiction</u>. Betts now has an immediate

right to an award of fees and costs based on the amended version of the offer of judgment statute.

### III - BETTS' MOTION FOR ATTORNEYS' FEES AND COSTS IS NOT BASED ON THE JOINT OFFER OF JUDGMENT OF OCTOBER 4, 1995.

A.    Plaintiffs assert in section III of their Memorandum in Opposition that Betts has purportedly mischaracterized the offer of judgment that he is basing his motion for award of attorneys' fees and costs on.   More particularly, plaintiffs maintain that defendants served a joint offer of judgment in favor of plaintiffs for $2,500.  Consequently, plaintiffs contend that the Court cannot act upon Betts' motion to tax fees and costs since ANDI has not been dismissed as a party defendant from this cause.   Plaintiffs' Memorandum in Opposition, Page 4.

It is true that defendants did serve a joint offer of judgment on plaintiffs for $2,500.  However, plaintiffs' argument that Betts has mischaracterized the joint offer of judgment is a classic "red herring" as it is desperate attempt by plaintiffs' counsel to have the Court ignore the true basis of Betts' motion to tax attorneys' fees and costs, which emanates from his own offer of judgment.

Betts is not centering his motion for award of attorneys' fees and costs based on the October 4, 1995 joint offer of judgment.   Rather, Betts is maintaining his motion for award of attorneys' fees and costs based on his separate offer of judgment in favor of plaintiffs for $1,250 that was served on plaintiffs'

counsel on October 4, 1995. A true copy of the offer of judgment is attached hereto for reference as Exhibit "C".

B. Plaintiffs further argue in section III of their Memorandum in Opposition that the validity of the joint offer of judgment cannot now be determined as the claims relating to ANDI have not been resolved as it is still a party defendant in this cause. Plaintiffs' Memorandum in Opposition, Pages 5-6. Plaintiffs have ignored the separate offer of judgment that was served by Betts hoping the Court would do the same. As previously stated, Betts is not requesting the Court to ascertain the validity of the joint offer of judgment in favor of plaintiffs for $2,500. Instead, Betts is basing his motion for award of attorneys' fees and costs on his October 4, 1995 offer of judgment in favor of plaintiffs for $1,250. As such, this Court can immediately consider Betts' motion for award of attorneys' fees and costs based on his own separate offer of judgment regardless of the fact that ANDI is still a party defendant.

### IV - THE OFFER OF JUDGMENT SERVED BY BETTS WAS MADE IN GOOD FAITH.

Plaintiffs contend in section IV of their Memorandum in Opposition that Betts' offer of judgment was not made in good faith. More specifically, plaintiffs assert that they could not properly evaluate Betts' offer of judgment of October 4, 1995 since discovery responsive to their production request, interrogatories and expert witness interrogatories was overdue. Plaintiffs' Memorandum in Opposition, Pages 6-7.

- 7 -

Plaintiffs' argument that they would be in a better position to evaluate the offer of judgment through analyzing the discovery stretches the imagination to inconceivable limits. Plaintiffs fail to even discuss how the "discovery tools relative to defenses and potential counterclaims which <u>defendants</u> might ultilize in the case" would assist in the evaluation of the offer of judgment (emphasis supplied).

Defendants' motion to dismiss Betts and ANDI as defendants from this cause was based on lack <u>in personam jurisdiction</u>. None of the discovery served by plaintiffs was even indirectly related to this issue. Instead, plaintiffs' discovery was directed to defenses and potential counterclaims which defendants might utilize in the case. Thus, plaintiffs' receipt of the discovery clearly would not have assisted in the evaluation of the offer of judgment.

Moreover, the timely production of the outstanding discovery would not have assisted plaintiffs' counsel determine whether the Court had <u>in personam jurisdiction</u> over Betts. Prior to filing suit, plaintiffs' counsel was professionally obligated under the Rules Regulating the Florida Bar to undertake a reasonable, good faith effort to ascertain whether there existed any facts that would support the various causes of action that were to be asserted against Betts and ANDI. Plaintiffs' counsel also had to ascertain whether any facts existed which would support <u>in personam jurisdiction</u> in order to hail Betts, a New York resident, before this Court. Plaintiffs' counsel had to undertake his

reasonable, good faith investigation prior to initiating suit, not through the propounding of discovery after the complaint had been filed.

Lastly, the timely production of the outstanding discovery by defendants to plaintiffs would not have had any impact on Betts' decision to move for an award of fees and costs. If after reviewing the discovery, plaintiffs had dismissed Betts as a party defendant he still would have filed a motion to tax attorney-s' fees and costs pursuant to the terms of the offer of judgment and in accordance with <u>Tampa Letter Carriers, Inc. v. Mack</u>, 649 So.2d 890 (Fla. 2d DCA 1995).

## V - AMOUNT OF FEES AND COSTS SOUGHT BY BETTS ARE REASONABLE.

In section V of their Memorandum in Opposition, plain-tiffs maintain that in the event the Court decides that Betts is entitled to an award of fees and costs the amounts being sought by Betts are not reasonable based on a lack of billing statements itemizing the work done. Plaintiffs' Memorandum in Opposition, Pages 7-8. All of the arguments raised by plaintiffs in this section are based on the assumption that the Court will rule that Betts is entitled to a reasonable award of fees and costs.

Other than the rambling arguments presented in the Memorandum in Opposition, plaintiffs' counsel has not undertaken any action to contest the reasonableness of the fees and costs being sought by Betts. Plaintiffs' counsel has not sought through a production request or by letter any of the documents and records that would support the fees and costs being sought by Betts.

Notwithstanding the above, attached as Composite Exhibit "D" are copies of all billing statements that were submitted to Betts for payment.

Additionally, plaintiffs' counsel has not contacted undersigned counsel to ascertain whether the attorneys who handled the defense of this cause for Betts are available to appear for deposition in order to testify about the amount of fees incurred by Betts and ANDI. Plaintiffs' counsel also has not requested undersigned counsel to provide dates and times that the expert witness Betts has retained to testify at an evidentiary hearing is available to appear for deposition.

Plaintiffs' counsel has had almost a month since the motion to tax fees and costs was filed to undertake these affirmative actions in order to properly contest the reasonableness of the fees and costs being sought by Betts. Instead, plaintiffs' counsel has decided to sit on his hands.

Plaintiffs also claim that Betts has failed to establish the reasonableness of the fees and costs being sought, even though the Court has not yet ruled on entitlement or scheduled an evidentiary hearing for that matter. Undersigned counsel will be submitting an additional affidavit that will assert that the fees and costs incurred in the defense of this cause by Betts were reasonable and necessary. At an evidentiary hearing to determine entitlement, undersigned counsel will also proffer testimony from a retained expert witness regarding the reasonableness of the fees and costs being sought by Betts.

Plaintiffs further contend that the amount of time spent by defendants' counsel is inseparable as it relates to Betts and ANDI. The motions, discovery, hearing attendance and legal research were undertaken by defendants' counsel on behalf of both Betts and ANDI as the claims being asserted against by plaintiffs and the issues in dispute are exactly identical. Consequently, based on the identical nature of the work, the total amount of time that was billed during the case could apply to either Betts and ANDI. Betts is thereby entitled to an award of all the fees and costs that were incurred in the handling of the case from the date the offer of judgment was served up through time the Court dismissed him as a defendant from this case.

Alternatively, pursuant to a retainer agreement attached as Exhibit "C" to the motion to tax fees and costs, Betts is certainly responsible for the fees and costs as it relates to the handling of the case brought against him by plaintiffs. However, as per the retainer agreement, Betts is also responsible for the fees and costs incurred in the defense of ANDI. As such, Betts is entitled to an award of reasonable fees and costs from the date the offer was served up through the time the Court entered its Order dismissing Betts as a party defendant from this cause based on lack of in personam jurisdiction.

WHEREFORE, Defendant, Edward A. Betts, respectfully respects this Court enter an Order awarding attorneys' fees and costs to Edward A. Betts and against Plaintiffs, Richard L. Rutkowski and Hyperbarics International, Inc., pursuant to §768.79,

- 11 -

<u>Florida</u> <u>Statutes</u>, taxing costs against Richard L. Rutkowski and Hyperbarics International, Inc., and granting such other and further relief as this Court deems just and proper.

Dated:  July /_ _ , 1997.

_____
One of the Attorneys for Defendants


Fred W. Mattlin, Esquire
Florida Bar No. 344 338
Gordon A. Dieterle, Esquire
Florida Bar No. 930 490
Mattlin & McClosky
2300 Glades Road, Suite 400 East
Boca Raton, Florida  33431
(561) 368-9200


### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been sent by U.S. Mail this /_/ _th_ day of July, 1997 to Mitchell T. McRae, Esquire, Mitchell T. McRae, P.A., One Boca Place, Suite 405 East, 2255 Glades Road, Boca Raton, Florida 33431.

_____
Fred W. Mattlin, Esquire


H:\LIBRARY\95133001\PLEADING\M-FEES.LT


- 12 -

# ADDITIONAL

# ATTACHMENTS

# NOT

# SCANNED

## PLEASE REFER TO COURT FILE